UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X
ABDUL AHAD,

                Plaintiff,

     -against-                          **REPORT AND RECOMMENDATION**
                                                       21-CV-2079 (LDH) (TAM)
21ST STREET HOSPITALITY, LLC and
BALBIR SINGH SANDHU,

                Defendants.
---------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

        Plaintiff Abdul Ahad ("Plaintiff") initiated this action against Defendants 21st Street Hospitality, LLC and Balbir Singh Sandhu ("Defendants") on April 16, 2021. (*See* Complaint ("Compl."), ECF No. 1.) Plaintiff seeks damages for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law, Art. 6 § 190 *et seq.* and Art. 19 § 650 *et seq.* ("NYLL"), and the New York Business Corporation Law § 630 *et seq.* ("BCL"). (Compl., ECF No. 1 at 1.)

        The parties have reached a proposed settlement of Plaintiff's wage and hour claims, the terms of which are set forth in a settlement agreement filed with the Court. (*See* Jan. 10, 2022 Proposed Settlement Agreement ("Settl. Agr."), ECF No. 28-1.) On January 10, 2022, the parties filed a joint letter motion requesting that the Court approve the settlement agreement as fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (2016). (*See* Motion for Settlement Approval ("Mot. for Settl. Approval"), ECF No. 28.) The Honorable LaShann DeArcy Hall referred the parties' motion to the undersigned Magistrate Judge for a report and recommendation. (Jan. 11, 2022 ECF Order Referring Motion.)

On February 1, 2022, the Court held a fairness hearing on Plaintiff's motion. (*See* Feb. 1, 2022 ECF Minute Entry and Order.) For the reasons set forth below, the Court finds the settlement agreement to be fair and reasonable, and recommends that the parties' proposed settlement agreement be approved.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As set forth in the complaint, Plaintiff alleges that he was employed as a housekeeper at a Comfort Inn Hotel, which was owned, operated, and maintained by Defendants. (Compl., ECF No. 1, ¶ 19.) Plaintiff alleges that he "was employed by Defendants from on or about October 1, 2018 up through on or about October 26, 2020 . . . ." (*Id.* ¶ 20.) Plaintiff avers that: "During the entire time period of his employment, Plaintiff worked in a non-exempt position and performed all tasks common of a housekeeper." (*Id.* ¶ 24.) Plaintiff further alleges that he worked seven (7) days a week, for twelve (12) hours per day, typically from 8:00 a.m. until 8:00 p.m., or approximately eighty-four (84) hours each week. (*Id.* ¶¶ 27–28.) Plaintiff claims that he was not compensated the appropriate overtime rate (time and a half of his regular pay) for the additional hours he worked. (*Id.* ¶¶ 29–31.) In addition, Plaintiff contends that Defendants did not provide him with a statement of wages or any notice of his rate of pay, employer's regular pay day, and other such information as required by the NYLL. (*Id.* ¶¶ 35–36.) Finally, Plaintiff alleges that shortly after he "began complaining on a weekly basis that he was not being properly compensated," Defendants fired him. (*Id.* ¶¶ 43–44.)

On December 7, 2021, the parties informed the Court that they reached a settlement of Plaintiff's FLSA and NYLL claims through mediation. (*See* Joint Status Report, ECF No. 24.) The parties thereafter filed a joint letter motion requesting approval of the parties' settlement agreement. (*See* Dec. 22, 2021 ECF Order; Jan. 4, 2022

ECF Orders; Jan. 10, 2022 ECF Order; Mot. for Settl. Approval, ECF No. 28.) On January 18, 2022, Defendants' counsel, Vivek Suri, filed a motion for pre motion conference seeking to withdraw as counsel. (Motion for Pre Motion Conference for Motion to Withdraw, ECF No. 29.) The Court held a motion hearing on Mr. Suri's motion and denied the motion without prejudice for the reasons stated on the record. (*See* Jan. 19, 2022 ECF Minute Entry and Order.)

On February 1, 2022, Mr. Suri filed a letter indicating that Defendants were prepared to proceed with the fairness hearing, which was held the same day. (*See* Feb. 1, 2022 Defs.' Counsel Letter, ECF No. 30; Feb. 1, 2022 ECF Minute Entry and Order.) Under the terms of the settlement agreement, Defendants agree to pay a total of $103,500, of which Plaintiff is to receive $68,333.34 and Plaintiff's counsel is to receive $35,166.66 in attorneys' fees and costs. (Settl. Agr., ECF No. 28-1, ¶ 1.)

For the reasons set forth below, the Court respectfully recommends approving the settlement agreement.

## DISCUSSION

### I. Legal Standards

In reviewing proposed settlements under the FLSA, courts are tasked with considering "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Rotthoff v. New York State Cath. Health Plan, Inc.*, No. 19-CV-4027 (AMD) (CLP), 2021 WL 1310220, at *2 (E.D.N.Y. Apr. 8, 2021) (quotation marks omitted); *see also Cheeks*, 796 F.3d at 206. Courts in this circuit have identified several factors for determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the

3

seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); *see also Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (citing the *Wolinsky* factors).

As the Second Circuit recently held, if a court finds that a "proposed settlement is unreasonable in whole or in part, the court . . . must reject the agreement or give the parties an opportunity to revise it." *Fisher*, 948 F.3d at 605. The court cannot, however, "simply rewrite the [settlement] agreement." *Id.* Accordingly, "[w]hen presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." *Id.* at 606 (*citing Evans v. Jeff D.*, 475 U.S. 717, 727 (1986)).

## II. Settlement Agreement

Analyzing the settlement agreement against the *Wolinsky* factors, the Court finds that the amount and terms of the settlement are fair and reasonable. Considering (1) the settlement amount as compared to Plaintiff's wage deficiency estimate; (2) the terms of the agreement; and (3) the possible litigation risks, which could ultimately limit the range of Plaintiff's possible recovery, the Court concludes, on balance, that the settlement agreement "reflects a reasonable compromise of disputed issues." *Rotthoff*, 2021 WL 1310220, at *2.

### A. FLSA Settlement Amount & the *Wolinsky* Factors

#### 1. *Plaintiff's Range of Possible Recovery*

Beginning with Plaintiff's range of possible recovery, the Court is satisfied that the proposed settlement amount will adequately compensate Plaintiff as to his wage

4

deficiency claim. The FLSA agreement proposes a total settlement of $103,500, with $68,333.34 going to Plaintiff. (Settl. Agr., ECF No. 28-1, ¶ 1.) Plaintiff's counsel represented that based on Plaintiff's initial estimated damages, Plaintiff's "range of possible recovery for unpaid wages was between $0.00 and $214,000." (Mot. for Settl. Approval, ECF No. 28, at 3.) However, it became apparent during discovery that Plaintiff's estimated dates of his employment were incorrect, and revised damages calculations indicated that "Plaintiff's range of possible recovery was between $0.00 and $106,920." (*Id.*) As further argued by Plaintiff, his portion of the proposed settlement amount represents approximately 64% of the high end of his estimated wage deficiency. (*Id.*)[1] The Court recommends finding the settlement amount reasonable.

2. *Avoiding Anticipated Burdens and Expenses & Litigation Risks*

The proposed settlement will also avoid additional expenses and costs, as well as litigation risks that Plaintiff would face if the case were to go to trial. *See Castillo v. Cranes Express Inc.*, No. 18-CV-1271 (PKC) (LB), 2018 WL 7681356, at *2 (E.D.N.Y. Dec. 12, 2018) (approving settlement amount where "[t]he settlement provides plaintiff with certainty regarding what he will recover from defendants and avoids the time and expense of litigation"). Plaintiff represents that if the parties were to continue litigation,

---

[1] After doing its own independent calculations, the Court further finds that assuming a wage deficiency of $106,920 (Mot. for Settl. Approval, ECF No. 28, at 3), liquidated damages in the same amount, and $5,000 in statutory penalties (Compl., ECF No. 1, ¶¶ 59, 62), Plaintiff's total settlement amount represents approximately 47% of the high end of Plaintiff's total alleged damages, which is a higher recovery percentage than many settlements approved under *Cheeks*. *See, e.g.*, *Sicajan Diaz v. Pizza Napolitana, Inc.*, No. 19-CV-4911 (EK) (RML), 2020 WL 8265766, at *2 (E.D.N.Y. Dec. 4, 2020) (approving of a settlement agreement representing 20.8% of the plaintiff's total alleged damages "given the disputed facts and liability, as well as the litigation risks"), *report and recommendation adopted*, No. 19-CV-4911 (EK) (RML), 2021 WL 260093 (E.D.N.Y. Jan. 26, 2021); *Redwood v. Cassway Contracting Corp.*, No. 16-CV-3502, 2017 WL 4764486, at *2 (S.D.N.Y. Oct. 18, 2017) (finding that 29.1% of total alleged damages was reasonable); *Chowdhury v. Brioni Am., Inc.*, No 16-CV-344 (HBP), 2017 WL 5953171, at *2 (S.D.N.Y. Nov. 29, 2017) (determining that a net settlement of "approximately 40% of plaintiffs' claimed damages . . . does not render the settlement deficient").

the parties "would need to conduct full discovery, including costly depositions of all parties, including corporate representatives for Defendants." (Mot. for Settl. Approval, ECF No. 28, at 3.) Additionally, the parties disagree regarding Plaintiff's unpaid wage claims, specifically whether Plaintiff is entitled to any overtime other than a marginal amount and whether Plaintiff was already paid for his overtime hours. (*Id*.) Therefore, both parties would have to give substantial testimony, which "would require significant time and prolonged litigation and Plaintiff acknowledges the significant risk that he would not be able to prove entitlement to any unpaid wages, including unpaid overtime." (*Id*.)

Given that there are several significant factual and legal disputes that, depending on how they are resolved, could impact Plaintiff's ability to recover at all, and that the negotiated resolution of the matter provides certainty for Plaintiff, this factor further supports the conclusion that the settlement amount should be found reasonable. *Sicajan Diaz*, 2020 WL 8265766, at *2 (recommending approval where the settlement "allow[ed] both parties to expedite the resolution of [the] matter and avoid costly motion practice").

### 3. *Arm's-Length Bargaining & Possibility of Fraud or Collusion*

The record amply demonstrates that the settlement agreement was the product of arm's-length bargaining reached only after engaging in multiple conferences with the Court and conducting extensive settlement discussions with experienced counsel. In addition, an experienced mediator assisted the parties in reaching the proposed settlement amount. (*See* Joint Status Report, ECF No. 24; *see also* Mot. for Settl. Approval, ECF No. 28, at 4 (arguing that "[t]he mediator's involvement also demonstrates the absence of fraud or collusion").) There is no evidence to suggest that the settlement was the product of fraud or collusion. For all these reasons, the Court

6

respectfully recommends that the settlement amount be found to be fair and reasonable. *See Wolinsky*, 900 F. Supp. 2d at 335.

### B. Settlement Agreement Terms

The terms of the settlement agreement further demonstrate that the proposed settlement is the product of arm's-length bargaining between the parties. (*See* Mot. for Settl. Approval, ECF No. 28, at 3–4.) The settlement agreement does not include the types of problematic provisions that could run afoul of the FLSA's remedial purposes, such as impermissible confidentiality or overly broad release clauses, nor does the settlement agreement include any clauses that limit the prospect of Plaintiff's future employment with Defendants. *See Rotthoff*, 2021 WL 1310220, at *2; *Burgos v. Ne. Logistics, Inc.*, No. 15-CV-6840 (CBA) (CLP), 2018 WL 2376481, at *7 (E.D.N.Y. Apr. 26, 2018) ("Courts in this Circuit have consistently rejected FLSA settlements that seek to prevent plaintiffs from having a future employment relationship with the defendant as contrary to the underlying aims of the FLSA."), *report and recommendation adopted*, No. 15-CV-6840 (CBA) (CLP), 2018 WL 2376300 (E.D.N.Y. May 24, 2018).

The settlement agreement does include a non-disparagement clause. (Settl. Agr., ECF No. 28-1, ¶ 7.) However, the clause includes a carve-out that expressly states: "Nothing in this paragraph shall prevent the plaintiff from making truthful statements about litigating the case and the underlying facts." (*Id.*) Courts have accepted non-disparagement clauses as fair and reasonable if they include carve-outs for truthful statements by plaintiffs regarding their experience litigating their cases and their underlying claims. *See Cegueda-Juarez v. Cleanwear USA 2, Inc.*, 18-CV-1604 (PAC), 2019 WL 5485253, at *4 (S.D.N.Y. Oct. 25, 2019); *Zhi Li Zhong v. Rockledge Bus Tour Inc.*, No. 18-CV-454 (RA), 2018 WL 3733951, at *3 (S.D.N.Y. Aug. 6, 2018); *Weng v. T&W Restaurant, Inc.*, 15-CV-8167 (PAE) (BCM), 2016 WL 3566849, at *4 (S.D.N.Y. June 22,

7

2016). Accordingly, the Court finds the non-disparagement clause fair and reasonable in the context of the settlement here.

### III. Attorneys' Fees and Costs

When attorneys' fees are included as part of a settlement agreement, courts are required to "evaluate the reasonableness of the fees and costs." *Fisher*, 948 F.3d at 600 (citing *Cheeks*, 796 F.3d at 206; 29 U.S.C. § 216(b)); *see also Wolinsky*, 900 F. Supp. 2d at 336 ("[T]he Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." (alterations in original) (quotation marks omitted)).

Courts in the Second Circuit generally "calculate a reasonable fee using either the 'lodestar' method or the 'percentage of the fund' method." *Valencia v. Nassau Country Club*, No. 18-CV-2724 (LDH) (JO), 2020 WL 7249440, at *1 (E.D.N.Y. Oct. 19, 2020) (citing *McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010)), *report and recommendation adopted*, No. 18-CV-2724 (LDH) (VMS), 2020 WL 6867911 (E.D.N.Y. Nov. 23, 2020). "Either way, the court must consider the 'traditional criteria' for fee applications," including: "the time and labor expended by counsel; the magnitude and complexities of the litigation; the risk of the litigation; the quality of representation; the requested fee in relation to the settlement; and public policy considerations." *Id.* (citing, *inter alia*, *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)). In addition, "in an individual FLSA action in which the parties settle the fee through negotiation, the 'range of reasonableness' for attorneys' fees is greater than in a collective or class action." *Perez-Ramos v. St. George Holding Corp.*, No. 18-CV-1929 (KAM) (JO), 2020 WL 415818, at *3 (E.D.N.Y. Jan. 27, 2020) (citing *Wolinsky*, 900 F. Supp. 2d at 336).

Under the "percentage of the fund" method, many courts find that "a one-third contingency fee is generally considered reasonable in this Circuit." *Castillo*, 2018 WL 7681356, at *4; *see also Sicajan Diaz*, 2020 WL 8265766, at *4. However, "[e]ven where attorneys' fees are sought pursuant to the percentage of the fund method, counsel must submit evidence providing a factual basis for the award." *Rosario v. EMZ Sols. LLC*, No. 18-CV-3297 (RPK) (CLP), 2020 WL 8413532, at *8 (E.D.N.Y. Aug. 7, 2020) (alteration in original) (quotation marks omitted), *report and recommendation adopted*, No. 18-CV-3297 (RPK) (CLP), 2020 WL 7777955 (E.D.N.Y. Dec. 31, 2020). A "lodestar check" is a mechanism "for courts in this circuit to review the reasonableness of an attorney's requested fee." *Id.* (citing *Bhardwhaj v. Alan's Farmland Ltd.*, No. 16-CV-7880 (AJN), 2018 WL 1891313, at *2 (S.D.N.Y. Apr. 5, 2018)).

Here, Plaintiff's counsel requests $35,166.66 in fees and costs. (Settl. Agr., ECF No. 28-1, ¶ 1; Mot. for Settl. Approval, ECF No. 28, at 2.) As detailed in Plaintiff's motion for settlement approval, and supported by the billing records and receipts Plaintiff's counsel submitted, counsel is requesting reimbursement for costs in the amount of $1,000, and $34,166.66 in fees. (Mot. for Settl. Approval, ECF No. 28, at 2, 4–5; Harlow Invoice, ECF No. 31; Krakower Invoice, ECF No. 31-1; Receipts, ECF Nos. 31-2, 31-3, 31-4.) The fee request is equal to one-third of the net settlement amount, after deducting $1,000 in costs ($102,500 x .33333=$34,166.666), which is a percentage routinely found to be a reasonable attorney fee in FLSA cases in the Second Circuit. (*See* Settl. Agr., ECF No. 28-1, ¶ 1.) *See also, e.g., Caceres v. Brentwood Farmers Market, Inc.*, No. 20-CV-3476 (AKT), 2021 WL 3276637, at *2 (E.D.N.Y. May 4, 2021).

Counsel indicates that their lodestar in this case, supported by contemporaneous billing records showing more than 131 hours expended by Jordan Harlow and Todd

9

Krakower[2] at hourly rates of $250/hr. and $350/hr., respectively, amounts to more than $38,000 in fees alone. (*See* Mot. for Settl. Approval, ECF No. 28, at 4–5; Harlow Invoice, ECF No. 31; Krakower Invoice, ECF No. 31-1.) After reviewing the billing records submitted by Plaintiff's counsel, the Court finds that the requested fee amount of $34,166.66 represents approximately .90 times counsel's lodestar amount of $38,000, which represents the total amount of fees, exclusive of costs, incurred by counsel in this case. (*See* Mot. for Settl. Approval, ECF No. 28, at 2, 4–5.) "Because the lodestar is being used merely as a cross-check, it is unnecessary for the Court to delve into each hour of work that was performed by counsel to ascertain whether the number of hours reportedly expended was reasonable." *Meo v. Lane Bryant, Inc.*, No. 18-CV-6360 (AKT), 2020 WL 4047897, at *2 (E.D.N.Y. July 17, 2020) (quotation marks omitted). The Court also notes that the lodestar multiplier of .90 is well "within the range of multiplier[s] that courts in this District have allowed." *Id.* at *3 (approving a lodestar multiplier of 1.53).

In light of the reasonableness demonstrated by the lodestar cross-check, and because Plaintiff's counsel is requesting one-third of the net settlement amount, a percentage normally found acceptable in this circuit, upon review of the parties' submissions and in consideration of the *Goldberger* factors, the Court recommends finding that the requested fee is reasonable. *See Rotthoff*, 2021 WL 1310220, at *4. In addition, the Court has reviewed the costs and receipts submitted in support and finds that $1,000 in costs, which includes the $402 filing fee, service fees, and translation expenses, is likewise reasonable. (*See* Receipts, ECF Nos. 31-2, 31-3, 31-4.)

---

[2] Plaintiff's counsel's invoice shows the following hourly breakdown: 79.9 hours billed by Jordan Harlow and 52.5 hours billed by Todd Krakower. (*See* Harlow Invoice, ECF No. 31; Krakower Invoice, ECF No. 31-1.)

## CONCLUSION

In light of the foregoing, the Court respectfully recommends that Plaintiff's motion for settlement approval be granted.

* * * * *

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g., Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

**SO ORDERED.**

Dated: Brooklyn, New York
       March 17, 2022

_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

11